## JOHNSONS WAREHOUSES, Inc. v. YANGTZE TRADING CORP.

United States District Court
S. D. New York.

Sept. 19, 1951.

Emanuel D. Finkelman, New York City, for plaintiff.

Bigham, Englar, Jones & Houston, New York City (Henry J. Bogatko, Daniel Danaher, New York City, of counsel), for defendant.

MURPHY, District Judge.

These are cross-motions for summary judgment, by plaintiff, a New York corporation, on its complaint for warehouse charges of $3,050.07, and by defendant, a West Virginia corporation, on its counterclaim against plaintiff for loss of and damage to its goods amounting to $8,431.61. Jurisdiction of this court is based on diversity of citizenship, the matter in controversy exceeding the value of $3,000, exclusive of interest and costs.

In January, 1947, Yangtze ordered various lots of steel. These, it says, were intended for shipment to China but export licenses could not be had at time of delivery. So it had the manufacturer's assistant export manager arrange for temporary storage, which he did, at Johnsons' Jersey City warehouses. Between February and May 5th, eighteen carloads of sheet and stripped steel, tinplate and pipe were shipped there. These were stored on open ground because, Johnsons say, inside space was not available. Early in May, Yangtze inspected its goods and found them beginning to rust and scale. Letters of protest and reassurance were exchanged. More inspections and remonstrances about rust and pitting followed in the same year, and in 1948 and 1949. Not until considerable time after their receipt were the goods laid away under warehouse roofs, first the steel sheets and later the pipe. When in 1949, the pipe was removed and sold, corrosion had eaten away much of its value.

The paramount question, raised by Yangtze's motion for summary judgment on its counterclaim, is whether it is entitled to a judgment as a matter of law and whether a genuine issue as to any material fact exists concerning breach of its contract with respect to manner of storage. On this motion, there can be no trial of issues of fact but only determination of whether there are issues of fact to be tried. And of course the moving party has the burden of showing clearly that there is no such issue of fact. Beyond this, each case becomes virtually *sui generis*. Yangtze insists that the understanding of the parties was inside, roof-covered storage. The manufacturer's invoices carry the direction, "For Covered Storage." Johnsons' warehouse receipts describe the locus of the goods as either "in warehouse at Building 4, Jersey City, N. J." or "in warehouse, Pier 7, Jersey City, N. J.," or "in warehouse, Pier 4, Jersey City, N. J.," all of which are roof-covered, inside depositories. Following its first investigation, Yangtze wrote Johnsons on May 14, "We feel that as a result of our inspection immediate correction must be taken by yourselves to live up to your agreement for covered storage in warehouses" and listed by lot number the corrosive and other damage already apparent in its goods. Johnsons replied on the following day, "We exceedingly regret that this was not placed in our buildings, as we agreed to do. This is definitely our error and we do not intend to escape our responsibility." In the teeth of this admission as to the nature of the storage agreed upon and the breach of that agreement, a genuine issue of fact is not created by Johnsons' affidavit of apology that the fatal missive was drafted at Yangtze's request by them "without first investigating the matter * * * in order to satisfy what appeared to be an important customer."

Neither is doubt excited by Johnsons' claim that the term "covered storage" by warehousing custom and usage embraces the kind which provides tarpaulin protection for goods on open ground. Assuming that such is the custom *arguendo,* it is immaterial in the light of the undisputed particular agreement between the parties. Bushwick-Decatur Motors v. Ford Motor Co., D.C., 30 F.Supp. 917, affirmed 2 Cir., 116 F.2d 675; Britton v. Ferrin, 171 N.Y. 235, 63 N.E. 954.

Subsequent storage of steel with Johnsons by Yangtze in 1949, despite dispute as to the 1947 lot, raises no issue of fact and does not, as a matter of law, amount to relinquishment of Yangtze's rights. Hecht v. Boston Wharf Co., 220 Mass. 397, 107 N.E. 990, L.R.A.1915D, 725.

No determination is made in this proceeding with respect to what damage, if any, has resulted from the breach of the agreement, or its value, or with respect to the loss of goods alleged, or their value, or

with respect to plaintiff's claim, or its value, for warehouse charges.

Motion for summary judgment by plaintiff is denied.

■ Motion for summary judgment by defendant on its counterclaim is granted in part to the extent indicated.

Settle order.